OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant the State of Ohio appeals the April 9, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, granting defendant-appellee Adrienne Davis' motion for a new trial.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On November 4, 2002, the Stark County Grand Jury indicted appellee on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1) and (C)(4)(b), a fourth degree felony. Appellee entered a plea of no contest to the charge at her arraignment on November 15, 2002, and was released on her own recognizance. Upon request, the State provided a Bill of Particulars, which alleged on or about August 4, 2001, appellee sold .11 grams of crack cocaine "to a confidential informant working for the Alliance Police Department." Subsequently, appellee filed a Motion for Disclosure of Identity of Informant, which included the following request:
{¶ 3} "a. a copy of such criminal record or records maintained by the State of Ohio now in his possession or which he can obtain by request made to the appropriate Ohio criminal record source. If a search of Ohio records reveals no record as to any one individual witness, a written report of such fact shall promptly be given to Defense Counsel;
{¶ 4} "b. a copy of such criminal record as may be obtained by request made to the Identification Division, Federal Bureau of Investigation, U.S. Department of Justice, Washington, D.C. 20535. Should inquiry of the F.B.I.'s Identification Division reveal no criminal record as to a particular witness, written report of such fact shall promptly be given Defense Counsel;
{¶ 5} "c. prior arrests, and whether or not said witnesses are under indictment or is charged in any criminal proceedings. If no proper arrests or pending indictments or criminal proceedings, a written report of such fact shall be given promptly to Defense Counsel;"
{¶ 6} On the morning of trial, the State provided appellee with a copy of the Criminal Justice Information System printout, which the assistant prosecutor had accessed from the Internet. This document only contained the confidential informant's local criminal history in Stark County. The matter proceeded to trial. After hearing all the evidence and deliberations, the jury found appellee guilty as charged.
{¶ 7} On January 29, 2003, appellee filed a Motion for New Trial pursuant to Crim. R. 33, after discovering the confidential informant had several felony convictions in the State of Michigan, as well as an outstanding warrant in Michigan for absconding from felony probation. Appellee filed a supplemental motion on February 19, 2003. The trial court conducted a hearing on March 4, 2003. The evidence at the hearing indicated the prosecutor's office had run a career criminal history on the confidential informant prior to the commencement of appellee's trial. The assistant prosecutor assigned to appellee's case was unaware of this information until after the trial. Only after the filing of appellee's supplemental motion for a new trial did the assistant prosecutor learn of the outstanding warrant. Thereafter, she verified the information regarding the confidential informant's prior felony convictions with the Oakland County, Michigan Prosecutor's Office.
{¶ 8} Via Judgment Entry filed April 9, 2003, the trial court granted appellee's motion for a new trial and reactivated the case. The trial court specifically found the undisclosed evidence to be material and "the failure to provide [appellee] with this information absolutely undermines the confidence in the outcome of this particular case."
{¶ 9} It is from the April 9, 2003 Judgment Entry the State appeals, raising as its sole assignment of error:
{¶ 10} "I. The trial court erred in granting appellee a new trial."
 I
{¶ 11} Herein, the State maintains the trial court erred in granting appellee's motion for a new trial.
{¶ 12} Crim. R. 33 provides: "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
• * *
{¶ 13} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
* * *
{¶ 14} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.
* * *
{¶ 15} "In order to grant a Crim.R. 33 motion for a new trial, it must be shown that the newly discovered evidence upon which the motion is based: (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v. Yerkey, Stark App. No. 2001CA00007, 2001-Ohio-1792, citing State v. Petro (1947),148 Ohio St. 505, syllabus. The Petro Court further noted: "The granting of a motion for a new trial upon the ground named [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record." Id. at 507-508.
{¶ 16} The State argues the undisclosed evidence was not material to the defense. Because the State challenged the trial court's finding on the issue of the materiality of the evidence, the State was required to provide this Court with a transcript of the trial.
{¶ 17} In Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, the Ohio Supreme Court held: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the Court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
{¶ 18} Based upon the authority of the Knapp, we presume the regularity of the trial court's decision and find the State has failed to affirmatively demonstrate in the record the trial court abused its discretion in granting appellee's motion for a new trial.
{¶ 19} The judgment of the Stark County Court of Common Pleas is affirmed.
Judgment affirmed.
Gwin, P.J., and Edwards, J., concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.