JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Charles White appeals the trial court's denial of his motion for a new trial. He assigns the following error for our review.[1]
 "I. The trial court erred by refusing to grant a new trial despite the introduction of newly discovered exculpatory evidence that could not have been produced at trial."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} White was indicted for one count of possession of drugs, three counts of drug trafficking, each with a schoolyard specification, and possession of criminal tools. The charges arose from a controlled drug buy set up with the help of a confidential informant. White waived his right to a jury trial; the matter proceeded before the bench. The trial court found White guilty of each count except for one count of drug trafficking and sentenced White to two years.
 {¶ 4} White filed a motion for a new trial based on the discovery of new evidence. A hearing on the matter was conducted after which the court denied the motion.
 Motion for a New Trial {¶ 5} In his sole assigned error, White argues the trial court erred by refusing to grant his motion for a new trial. He argues he desired to introduce newly discovered evidence in the form of Darveena Shaver's statement that she entrusted *Page 4 
her vehicle to her boyfriend, Joseph Lewis, and that White was, therefore, not the person dealing drugs from her vehicle.
 {¶ 6} Crim.R. 33 provides:
 "(A) A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 "* * *
 "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."
 {¶ 7} "In order to grant a Crim.R. 33 motion for a new trial, it must be shown that the newly discovered evidence upon which the motion is based: (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."[2]
 {¶ 8} The Supreme Court in State v. Petro further noted: "The granting of a motion for a new trial upon the ground named [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot *Page 5 
reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record."[3]
 {¶ 9} White has not included in the record on appeal a transcript of the evidence presented at trial. He chose to include as part of the record only a transcript of the hearing on his motion for a new trial and a transcript regarding his plea hearing in a separate case.
 {¶ 10} As stated previously, our standard of review of a motion for new trial is to determine whether the trial court abused its discretion in denying the motion. Absent a transcript from the trial, we cannot pass on the appropriateness of the trial court's decision in denying the motion and must presume regularity.[4]
 {¶ 11} At the hearing, the trial court denied White's motion for a new trial based on the fact the confidential informant testified at trial and identified White as the person who sold him drugs. The court also concluded that because Shaver was not in the car during the drug deal, she had no personal knowledge regarding whether White was in fact the person who sold the drugs out of her vehicle. The court also noted that there was trial testimony that the car was a "group" car that was used by many people. Because we do not have the transcript of the trial, we *Page 6 
must defer to the trial court regarding the basis for its denial of White's motion for a new trial.
 {¶ 12} Accordingly, we find no reversible error in the trial court's denial of the motion for new trial based on the appellate record before us. White's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR
[1] White also entered a plea to drug possession in a separate case, Case No. Cr. 472915, which was consolidated with Case No. Cr 469101 on appeal. However, he does not raise any argument as to the plea. Therefore, we will not consider it in this opinion.
[2] State v. Petro (1947), 148 Ohio St. 505, syllabus.
[3] Id. at 507-508.
[4] State v. Davis, 5th Dist. No. 2003CA00178,2004-Ohio-1777; State v. Moore, 9st Dist. No. 03CA008225, 2003-Ohio-4529; Lafollette v. Lamarca Motors (Dec. 5, 1994), 5st Dist. No. 94 CA 27; State v. Butterfield (Mar. 13, 1985), 1st Dist. No. C-840353. *Page 1